## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN

MICHELE NELSON, on behalf of
herself and others similarly situated,

        Plaintiff,

    v.

CAPITAL VISION SERVICES, LLC,

        Defendant.

Case No.: 5:26-cv-10275-JEL-KGA

Judge Judith E. Levy

### DEFENDANT'S MOTION TO STAY

Defendant Capital Vision Services, LLC, hereby moves to stay this case pending the Sixth Circuit's ruling in *Stockdale v. Skymount Property Group*, Appeal No. 26-3267 (6th Cir. April 2, 2026) ("*Stockdale* Appeal"), which will conclusively resolve whether a text message is a "telephone call" under the plain language of 47 U.S.C. § 227(c)(5). Because that is the controlling question in Capital Vision's Motion to Dismiss, now pending before the Court, the Court should stay this case pending ruling in the *Stockdale* Appeal.

Under Local Rule 7.1, the undersigned certifies that counsel for Defendant made reasonable and timely efforts to confer with counsel for Plaintiff regarding the grounds for this Motion and whether Plaintiff would concur with the relief sought herein prior to filing same, including a conferral by telephone on April 17, 2026. Plaintiff's counsel stated that Plaintiff opposes the Motion.

DATED: April 22, 2026

/s/ Ryan D. Watstein
Ryan D. Watstein
James M. Ruley
WATSTEIN TEREPKA, LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
(404) 782-0695
ryan@wtlaw.com
jruley@wtlaw.com

Max A. Aidenbaum (P78793)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3093
maidenbaum@dickinsonwright.com

*Counsel for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MICHELE NELSON, on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No.: 5:26-cv-10275-JEL-KGA |
| v. | Judge Judith E. Levy |
| CAPITAL VISION SERVICES, LLC, | |
| Defendant. | |

**BRIEF IN SUPPORT**
**OF DEFENDANT'S MOTION TO STAY**

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether this case should be stayed pending the Sixth Circuit's ruling in *Stockdale v. Skymount Property Group*, Appeal No. 26-3267 (6th Cir. April 2, 2026), which will conclusively resolve whether a text message is a "telephone call" under the plain language of 47 U.S.C. § 227(c)(5).

Capital Vision Services, LLC answers: Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

- *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, 606 U.S. 146, 157–59 (2025)

- *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 400–02 (2024)

- *Stockdale v. Skymount Prop. Grp., LLC,* 2026 WL 591842, at *2 (N.D. Ohio Mar. 3, 2026)

## I.  INTRODUCTION AND BACKGROUND

Defendant Capital Vision Services, LLC ("Capital Vision"), files this Motion to Stay proceedings pending the Sixth Circuit's ruling in *Stockdale v. Skymount Property Group*, Appeal No. 26-3267 (6th Cir. April 2, 2026) ("*Stockdale* Appeal"), which will conclusively resolve whether a text message is a "telephone call" under the plain language of 47 U.S.C. § 227(c)(5). Because that is the controlling question in Capital Vision's Motion to Dismiss (the "Motion"), now pending before the Court, the Court should stay this case pending a ruling in the *Stockdale* Appeal.

Plaintiff Michele Nelson brought this putative class action under the Telephone Consumer Protection Act ("TCPA"), alleging that she received unsolicited marketing text messages to her cellular telephone number registered on the National Do-Not-Call Registry. Compl. ¶¶ 23–26 (ECF No. 1, PageID.4). She seeks to bring a private cause of action based on § 227(c)(5) for a "person who has received more than one telephone call within any 12-month period[.]"

In Capital Vision's contemporaneously filed motion to dismiss, it explained that in the wake of *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 606 U.S. 146 (2025) and *Loper Bright v. Raimondo*, 603 U.S. 369 (2024), this Court must interpret § 227(c)(5) according to its ordinary, contemporary, common meaning and dismiss Plaintiff's claim because a text message is not a "telephone call." (ECF No. 11, PageID. 30-54).

Multiple courts throughout the country have reached conflicting conclusions on this issue. *Compare James v. Smarter Contact, Inc.*, 2026 WL 879244 (M.D. Fla. Mar. 31, 2026) (granting a motion to dismiss, noting that many of the courts holding that a text message is a "telephone call" "improperly use[] definitions of the **verb form of 'call.'**"), *Radvansky v. 1-800-Flowers.com*, *Inc.*, 2026 WL 456919, at *3 (N.D. Ga. Feb. 17, 2026) (same), *with Alvarez v. Fiesta Nissan, Inc.*, 2026 WL 202930, at *5 (S.D. Tex. Jan. 26, 2026) (denying motion to dismiss), *Wilson v. Better Mortg. Corp.*, 811 F. Supp. 3d 631, 637 (S.D.N.Y. 2025) (same).

*Stockdale v. Skymount Property Group, LLC*, 2026 WL 591842, at *2 (N.D. Ohio Mar. 3, 2026) is the only court in this Circuit to address the issue. There, the Court granted a motion to dismiss, finding that based on the contemporary definitions of "telephone" *and* "call," § 227(c)(5) "could not include modern-day text messages because text messages do not use a telephone to reproduce sounds at a distance." *Id.* at *3.

On April 2, 2026, the *Stockdale* plaintiff filed an appeal with the Sixth Circuit. Through the *Stockdale* Appeal, the Sixth Circuit will conclusively resolve the central issue in the Motion. Like the only other court in this district that has the issue in front of it pending the *Stockdale* Appeal, this Court should stay this case pending its resolution. *See Soboleski v. Terrascend, Corp.,* No. 4:25-cv-11763, ECF No. 31,

2

PageID 305-306 (Apr. 22, 2026) (Behm, J.) (staying case pending ruling from the Sixth Circuit in *Stockdale*).

## II. ARGUMENT

"A district court may stay a case in order to allow a higher court in a separate case to settle issues of law that have bearing on the matter to be stayed." *Beydoun v. Holder*, 2015 WL 631948, at *2 (E.D. Mich. Feb. 13, 2015). Courts regularly stay actions under such circumstances, including in the TCPA context. *See*, *e.g.*, *Garcia v. Spruce Servs., Inc.*, 662 F. Supp. 3d 1245, 1246 (S.D. Fla. 2023) (granting motion to stay TCPA action pending higher court's review of standing issue related to the receipt of text messages); *Glass v. Portfolio Recovery Assocs., LLC*, 2021 WL 6332771, at *1 (E.D. Tenn. Feb. 12, 2021) (staying TCPA putative class action pending ruling in *Facebook, Inc. v. Duguid*, 141 S.Ct. 193 (2020)); *see also Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440 (S.D. Ohio 2023) (granting motion to stay pending Supreme Court ruling, commenting that the "merits issues Plaintiff raises here are virtually identical to the merits issues [in those cases]"); *Hillson v. Kelly Servs., Inc.*, 2015 WL 4488493, at *1 (E.D. Mich. July 15, 2015) (same).

To determine whether a stay is appropriate, courts in this Circuit consider four factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing

the stay, given its duration." *Trotta v. Am. Airlines, Inc.*, 741 F. Supp. 3d 673, 676 (E.D. Mich. 2024). Those factors support entering a stay pending resolution of the *Stockdale* Appeal.

Initially, the *Stockdale* Appeal may dispose of Plaintiff's claim, which "weighs heavily in favor of granting the stay." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (granting a stay pending a related Supreme Court ruling despite the potential for delay). It is undisputed that Plaintiff's § 227(c)(5) claim is limited to text messages. Accordingly, if the Sixth Circuit affirms *Stockdale*, her claim would fail as a matter of law.

Judicial economy also supports staying this case. Absent a stay, the parties will continue litigating the Motion, and if the Court denies it, proceed into discovery. TCPA class actions involve "the potential for hefty litigation expenses and an extensive use of judicial resources in the resolution of these claims[.] . . . It is also generally understood that the costs can be particularly 'enormous' for defendants." *Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014). A brief stay "could prevent significant, needless, and costly discovery for both Plaintiff and Defendant." *Glass*, 2021 WL 6332771, at *1.

The public interest also supports staying this case. As the parties' briefing demonstrates, courts have reached contradictory conclusions on whether text

4

messages are actionable under § 227(c)(5). At least one other case is currently pending in this District where the defendant raised this same issue. *Soboleski v. Terrascend, Corp.* (pending before Judge Behm) (4:25-cv-11763 PageID.70-73). Additional decisions, especially if the courts reach contradictory conclusions, may serve to "confuse the public regarding its rights and liabilities[.]" *Latta*, 653 F. Supp. 3d at 440 (citing *Mazera v. Varsity Ford Svcs. LLC*, 2008 WL 2223907, at *2 (E.D. Mich. May 29, 2008)).

Finally, this "case still is in its infancy," so a stay "will not prejudice Plaintiff[.]" *Bandit Indus., Inc. v. Blue Cross & Blue Shield of Michigan*, 2013 WL 5651444, at *2 (E.D. Mich. Oct. 15, 2013). Moreover, in light of the parties' obligation to preserve documents, the prejudice from delayed discovery "is minimal." *Glass*, 2021 WL 6332771, at *1 (granting stay over plaintiff's objection about prejudice related to delayed discovery, concluding "[i]n the absence of evidence to the contrary, Plaintiff's concern is speculative.").

Following these factors, courts routinely stay cases pending a ruling from a higher court on a *potentially* dispositive issue—even when it is far from clear whether the ultimate ruling may end the case. *See, e.g.*, *Hillson*, 2015 WL 4488493, at *1 (granting motion to stay pending ruling in *Spokeo v. Robbins*, No. 13–1339, explaining that "even in the absence of dispositive motion practice," the anticipated ruling may "bear upon the issue of whether the proposed class members have Article

5

III standing[.]"); *Compressor Eng'g Corp. v. Thomas*, 2016 WL 438963, at \*5 (E.D. Mich. Feb. 3, 2016) (granting request to stay pending *Spokeo* because the decision may impact "whether a class can be certified."). Here, there is no question that *Stockdale* will decide a case-dispositive issue.

## III.   CONCLUSION

In light of these considerations, the Court should stay this case pending resolution of the *Stockdale* Appeal.

DATED: April 22, 2026

/s/ Ryan D. Watstein
Ryan D. Watstein
James M. Ruley
WATSTEIN TEREPKA, LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
(404) 782-0695
ryan@wtlaw.com
jruley@wtlaw.com

Max A. Aidenbaum (P78793)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226
(313) 223-3093
maidenbaum@dickinsonwright.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 22, 2026, I caused a true and correct copy of the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notice of the electronic filing to all counsel of record.

By: /s/ *Ryan D. Watstein*
Ryan D. Watstein